[No. 4260.]

IN THE MATTER OF THE ESTATE OF THOMAS S. PAGE,
DECEASED.

DEATH OF A PARTY AFTER VERDICT.—The proper practice, on the suggestion
of the death of a party after verdict against him and before judgment, is
to direct the entry of a judgment against him by name, and then suspend
all further proceedings until the substitution of the executor or admin-
istrator.

IDEM.—The fact that an error in such case is committed by failing to enter
judgment on the verdict until the executors are substituted, and then
having it entered against them by name, payable in due course of admin-
istration, does not render the judgment void, and it is not necessary to
present it to the executors for allowance as a claim against the estate,
but the executors must pay it out of money in their hands applicable to
that purpose.

IDEM.—Such error must be taken advantage of by direct appeal, and cannot
be taken advantage of by the executors, on an application to the Probate
Court by the judgment creditor to compel them to pay the judgment.

APPEAL from the Probate Court, City and County of San
Francisco.

An action between Thomas S. Page, plaintiff, and Wel-
come Fowler et al., defendants, was tried in the District
Court, and a verdict rendered in favor of the defendants, on
the 12th day of April, 1871, for four hundred and fifty tons
of hay, or its value and interest, amounting to $12,069.29.
(See 39 Cal. 415, and 46 Cal. 323.)

Judgment was not entered on the verdict, and Page
moved for a new trial. January 10, 1872, before the motion
for a new trial had been decided, Page died, leaving a will,
in which he nominated Atherton and others his executors.
The will was probated, and on the 29th day of April, 1872,
the executors were substituted as parties plaintiff. In
August, 1872, the motion for a new trial was denied, and in
October, 1872, judgment was entered against the executors.
From this judgment the executors appealed. (See Atherton
et al. v. Fowler et al., 46 Cal. 323.) The Supreme Court
modified the judgment by reducing it to $8989, and by
making it payable in due course of administration. No
claim founded on the verdict or judgment was presented to

the executors for allowance within ten months after they advertised for creditors to present their claims. January 19, 1874, Fowler applied to the Probate Court for an order requiring the executors to pay the judgment. The executors rested their defense, principally on the ground that no claim had been presented to them for allowance. The Probate Court, on the 20th day of February, 1874, made an order requiring the executors to pay the judgment, and from this order they appealed.

*Charles Page and Wm. H. Patterson,* for the Appellants.

Judgment on the verdict could have been entered during the testator's lifetime. (*People* v. *Loucks,* 28 Cal. 68; *Casement* v. *Ringgold,* Id. 335.)

Respondents' claim was an absolute one, and there being no reason why it should not be presented to the executors for allowance, within ten months after notice to creditors was first published, inasmuch as proceedings had not been stayed, the period of limitation prescribed by the Probate Act commenced to run against their claim at the time of said first publication, notwithstanding the fact that a motion for new trial had been made, and an appeal taken from the order denying the same and the judgment. (*Englund* v. *Lewis,* 25 Cal. 337.)

The judgment, as rendered in the Fourth District Court, was unauthorized. It was, in effect, a judgment *in personam,* and not made payable according to the provisions of Section 140 of the Probate Act, "in due course of administration." Such a judgment would be reversed on appeal. (*Myers* v. *Mott,* 29 Cal. 363.) And in the case of *Atherton et al., Executors, etc.,* v. *Fowler,* the error in this respect was admitted by the order of, and consent to modification of, the judgment as rendered in the court below.

The cases *Hentsch* v. *Porter,* 10 Cal.; *Coleman* v. *Woodworth,* 28 Cal.; *Bk. of Stockton* v. *Howland,* 42 Cal., therefore, are inapplicable to this case.

*William Hayes,* for the Respondent.

The words "payable in due course of administration,"

used in the decision of this Court in *Atherton et al., Executors,* v. *Fowler et al.,* must be interpreted of course in the sense of the Code, from which they were literally taken, and any objection to the form of the judgment should have been made in the Fourth District Court, in which it was recorded, and cannot be here collaterally entertained. (Code of Civil Procedure, Secs. 1504, 1505; Probate Act, Secs. 140, 141; *Coleman* v. *Woodworth,* 28 Cal. 568, 569; *Myers* v. *Mott,* 29 Cal. 363; *Peterson* v. *Hornblower,* 33 Cal. 278, 279; *Bank of Stockton* v. *Howland,* 42 Cal. 134.)

By the Court, McKINSTRY, J.:

Under the provisions of the sixth chapter of the Probate Act of 1851, no recovery can properly be had in an action against executors, unless the claim of the plaintiff has been duly presented to the executors and the Probate Judge. This is equally true, whether the action was commenced against the executors or was originally brought against the testator, and was pending at the time of his decease.

A third class of cases was provided for by Sec. 202 of the Practice Act, those in which a party should die after verdict and before judgment. In such cases the court was directed to render a judgment on the verdict, and the judgment was but the formal entry of the result of the litigation —the demand of the successful party having been liquidated and established by the verdict. The statutes did not contemplate any substitution of executors or administrators prior to the entry of the judgment.

The proper practice, on suggestion of the death of a party after verdict and before judgment, was to direct the entry of the judgment provided for in Sec. 202 of the Practice Act; then, to suspend all further proceedings in the cause until executors or administrators should be qualified and substituted as parties. It is probable that the time to move for a new trial would only commence to run after such substitution.

In the present case the action was not "pending" at the time of the death of the testator, within the meaning of the 138th Section of the Probate Act. The judgment should have

been against the testator by name, and its effect was the same as if it had been ordered as of a date anterior to his decease, except that it could not be made to charge the estate with a lien which should have priority, and was payable only in due course of administration. The statutes did not require that such a judgment should be presented to the executors for allowance or rejection. By its terms it was made payable in due course of administration, and nothing would be gained by requiring its presentation as a claim. The testator in his lifetime had ample opportunity to make every defense to the original claim which the executors could make, and no defense to an action on the judgment could have arisen after the rendition of the judgment.

We do not think the judgment of the Fourth District Court, as modified by this Court, is void. It is not a matter of practical consequence that a judgment payable only in due course of administration was by mistake entered against the representatives of his estate, instead of against the testator by name. The error of the District Court with respect to the form should have been made a point on appeal from the judgment.

Order affirmed.

Mr. Chief Justice WALLACE, having been of counsel, did not sit in this case.