[Department Two. — August 15, 1883.]

THOMAS PHELAN, RESPONDENT, v. MONTGOMERY TYLER ET AL., APPELLANTS.

JUDGMENT—JURISDICTION—DEATH PENDING APPEAL.—The death of a party pending an appeal does not render the judgment of the appellate court void, although there was no substitution of his representatives.

ESTOPPEL—EJECTMENT—JUDGMENT.—A judgment in ejectment, where both parties claimed under executory contracts from the holder of a Mexican grant, is a bar in a subsequent action between the same parties, notwithstanding the common grantor received his patent subsequent to the judgment.

APPEAL from a judgment of the Superior Court of the county of Los Angeles.

This was an action of ejectment. The land in controversy was a part of the Rancho de Bartolo Viejo, a Mexican grant, which was patented to Pio Pico, by the United States, August 5, 1881. Both parties claim under executory contracts of purchase, made by Pico prior to the issuance of the patent to him. The other facts are stated in the opinion.

*Thom & Stephens,* for Appellants.

Judgment in favor of or against a dead man is valid. (Freeman on Judgments, §§ 140, 153; Bigelow on Estoppel, 63; *Carr* v. *Townsend's Exrs.* 63 Pa. St. 202; *Stoetzell* v. *Fullerton,* 44 Ill. 108; *Spalding* v. *Wathen,* 7 Bush, 659; *Coleman* v. *McAnulty,* 16 Mo. 173; *Camden* v. *Robertson,* 3 Scam. 508; *Case* v. *Ribelin,* 1 Marsh. J. J. 30.)

The former judgment works an estoppel, although the patent had not then issued. ·(*Byers* v. *Neal,* 43 Cal. 210.)

*S. Haley, H. K. S. O'Melveny,* and *Bicknell & White,* for Respondent.

The former judgment by the Supreme Court was without jurisdiction, and was a nullity. (*Black* v. *Shaw,* 20 Cal. 68; *Judson* v. *Love,* 35 Cal. 466; *McCreery* v. *Everding,* 44 Cal. 286; *Brown* v. *Parker,* 15 Ill. 307; 4 How. 58; 16 Mass. 191; 10 Wend. 207; 6 Ired. 288; 2 Leigh, 733; 6 Ala. 657.)

The judgment in the former action was not a bar because the patent had not then issued. (*De Amisti* v. *Castro,* 49 Cal. 325; *Gardiner* v. *Miller,* 47 Cal. 570; *Brown* v. *Parker,* 15 Ill. 300.)

SHARPSTEIN, J. — The defendants are the legal representatives of William Standifer and John Dunlap, deceased, and the court finds "that said William Standifer and John Dunlap, in 1873, commenced an action of ejectment against Thomas Phelan for the recovery of the possession of the land described in said answer, to wit, the two small tracts comprising about twenty-one acres from defendants herein, and that such proceedings were afterwards had in said action and upon the trial thereof that a judgment was entered by the District Court in this county, wherein the same was pending, and in favor of the defendant in that action, for costs, in March, 1875. And that afterwards, on the 10th day of June, 1875, said Standifer and John Dunlap took an appeal to the Supreme Court of the State, but did not perfect said appeal by filing the transcript in said court until July 14, 1875, before which last date, viz., on the 7th day of July, 1875, the said John Dunlap had departed this life; that no suggestion of the death of said John Dunlap was ever made

and no person or legal representative of said deceased was ever substituted in said Supreme Court for said John Dunlap, deceased; but without any such suggestion or substitution the cause was argued and submitted to the Supreme Court for final determination on the 19th day of October, 1875, and thereupon, then and there, said Supreme Court rendered its judgment from the bench, of reversal of the judgment of said District Court, and remanded same with directions to said District Court to enter judgment for the plaintiffs in that action on the findings, and on the 30th day of November, 1875, issued its remititur to said District Court." From which the court reached the conclusion, "that the Supreme Court at the time the decision and judgment of that court was rendered . . . . had no jurisdiction, and that said judgment was void."

If the death of John Dunlap, occurring at the time it did, operated as an ouster of the jurisdiction of the Supreme Court of the case, the conclusion at which the court arrived is doubtless correct. But the death of a party pending an appeal does not have that effect in any case. "An action or proceeding does not abate by the death or disability of a party . . . . if the cause of action survive or continue. In case of the death or any disability of a party, the court, on motion, may allow the action or proceeding to be continued by or against his representative or successor in interest. (Civ. Code Proc. § 335.)

There is nothing in the Code which would justify the inference that the death of a party pending an appeal ousts the jurisdiction of the Supreme Court and renders its judgment void unless before the rendition thereof a representative of said deceased party be substituted in his stead. This question was not directly involved in *Ewald* v. *Corbett*, 32 Cal. 493; or in *McCreery* v. *Everding*, 44 Cal. 284, although there are expressions in both which militate against the view which we entertain on the subject, and which seems to us to be supported by a preponderance of the authorities. The reason why, "in such cases, the judgment is simply erroneous, but not void, . . . . is because the court having obtained jurisdiction over the party in his lifetime, is thereby empowered to proceed with the action to final judgment; and while the court ought to cease to exercise its jurisdiction over a party when he dies, its failure to do so is

an error to be corrected on appeal if the fact of the death appears upon the record, or by writ of error *coram nobis* if the fact must be shown *aliunde.*" (Freeman on Judgments, 153.)

As we view it the judgment in the former action is no less a bar by reason of its being rendered before a patent for the land had been issued. Both parties then claimed and now claim under Pico, and their conflicting claims were in no way affected by the issuance of the patent. The question to be determined in the former action and in the present one is the same, that is, which party acquired Pico's interest in the land. Such being the case, the former adjudication, in our opinion, constituted a bar to the present action. (*Byers* v. *Neal*, 43 Cal. 210.)

Judgment reversed, with directions to the court below to enter a judgment in favor of the defendants upon the findings.

THORNTON, J., and MYRICK, J., concurred.

Hearing in Bank denied.