[No. 15612. In Bank.—August 6, 1895.]

M. W. FOX, Respondent, *v.* HALE & NORCROSS SILVER MINING COMPANY et al., Defendants. CHARLES T. BRIDGE et al., Executors, etc., of W. S. HOBART, Appellants.

Judgment Nunc pro Tunc—Delay of Court—Jurisdiction. — The authority of a court to order its judgment to be entered *nunc pro tunc* is inherent in the court, and is to be exercised for the purpose of doing justice between the parties, and will always be exercised when it is apparent that the delay in rendering the judgment, and failure to enter it after its rendition, is the result of some act or delay of the court, and is not owing to any fault of the party making the application.

Id. — Death of Defendant after Submission of Cause and Prior to Findings and Decree — Power of Court.—Where a defendant has died after a cause has been tried and finally submitted to the court for its judgment, and before the filing of findings and entry of a decree, the court has power to order its findings to be filed *nunc pro tunc*, and its judgment thereon to be entered *nunc pro tunc*, as of a date prior to the death of the defendant.

Id.—Survival of Action.— Where property is acquired which benefits the estate of a testator, an action for the value of the property survives against the executors of a deceased defendant.

Appeal from a judgment of the Superior Court of the City and County of San Francisco. J. C. B. Hebbard, Judge.

The facts are stated in the opinion of the court.

*Lloyd & Wood, William F. Herrin,* and *Garber, Boalt & Bishop,* for Appellants.

The findings and judgment entered against Hobart after his death, *nunc pro tunc,* were against law. (1 Black on Judgments, secs. 199, 200, 203; 1 Freeman on Judgments, 4th ed., secs. 140, 153; *Ewald* v. *Corbett,* 32 Cal. 493; *McCreery* v. *Everding,* 44 Cal. 286; *Meyer* v. *Hearst,* 75 Ala. 390; *Burke* v. *Stokely,* 65 N. C. 569; *Carter* v. *Carriger,* 3 Yerg. 411; 24 Am. Dec. 585, and many other cases; *Phelan* v. *Tyler,* 64 Cal. 80; *Elliott* v. *Paterson,* 65 Cal. 109; *Tyrrell* v. *Baldwin,* 67 Cal. 1; *Wallace* v. *Center,* 67 Cal. 133; *Survival and Abatement of Actions,* 33 Alb. L. J. 205; *Boor* v. *Lowrey,* 53 Am. Rep.

533, note.)   The case was not decided until after the
death of the defendant; the opinion was not a decision.
(*Houston* v. *Williams*, 13 Cal. 24, 27; 73 Am. Dec. 565;
Code Civ. Proc., secs. 49, 632, 633; *Crim* v. *Kessing*, 89
Cal. 478; 23 Am. St. Rep. 491; *Connolly* v. *Ashworth*, 98
Cal. 205; *Broder* v. *Conklin*, 98 Cal. 360; *Porter* v. *Hop-
kins*, 63 Cal. 53, 55; *Mullally* v. *Irish etc. Soc.*, 69 Cal.
559, 561; *Comstock etc. Co.* v. *Superior Court*, 57 Cal.
625; *Van Court* v. *Winterson*, 61 Cal. 615, 616; *Hastings*
v. *Hastings*, 31 Cal. 95, 98.)   The cause of action was
*ex delicto*, and did not survive against the represen-
tatives of the decedent.   (*Boyd* v. *Gill*, 19 Fed. Rep.
145, 146; *Harker* v. *Clark*, 57 Cal. 245, 246; *Kramer* v.
*Market St. R. R. Co.*, 25 Cal. 434; *De Hoghton* v. *Money*,
L. R. 2 Ch. App. 164; *Brush* v. *Sweet*, 38 Mich. 574, 578;
*Stebbins* v. *Dean*, 82 Mich. 385; *Zabriskie* v. *Smith*, 13
N. Y. 322; 64 Am. Dec. 551, 555, 556; *Read* v. *Hatch*, 19
Pick. 47; Schouler on Executors, 2d ed., secs. 280, 371,
730; 1 Wait's Practice, 152, 153; *Witters* v. *Foster*, 26 Fed.
Rep. 737; *Stokes* v. *Stickney*, 96 N. Y. 323; *Cutting* v.
*Tower*, 14 Gray, 183; *Cummings* v. *Bird*, 115 Mass. 346;
*Leggate* v. *Moulton*, 115 Mass. 552; *Wolf* v. *Wall*, 40 Ohio
St. 111; *Winhall* v. *Sawyer's Estate*, 45 Vt. 466; *Reynolds*
v. *Hennessy*, 17 R. I. 169.)

*W. T. Baggett*, and *L. D. McKisick*, for Respondent.

The judgment was properly entered *nunc pro tunc* as
of the date prior to death and of the subsequent submis-
sion of the case.   (*Franklin* v. *Merida*, 50 Cal. 289; *Dial*
v. *Holter*, 6 Ohio St. 228; *Collins* v. *Prentice*, 15 Conn.
423; *Ryghtmyer* v. *Durham*, 12 Wend. 245.)

*W. H. H. Hart*, for Hale & Norcross Silver Mining
Company.

The court had power to enter a judgment *nunc pro
tunc*.   (12 Am. & Eng. Ency. of Law, 80; 1 Freeman on
Judgments, secs. 56, 59; *Black* v. *Shaw*, 20 Cal. 68, 69;
*Savings and Loan Soc.* v. *Gibb*, 21 Cal. 596, 609; *Camp-
bell* v. *Mesier*, 4 Johns. Ch. 335, 342; 8 Am. Dec. 570;

*Richardson* v. *Green*, 130 U. S. 104; *Mitchell* v. *Overman*, 103 U. S. 62.)

HARRISON, J.—This appeal is taken by the executors of W. S. Hobart, deceased, and involves the same questions which were presented upon the appeal of Hayward *et al.* in the same action, No. 15301, recently decided. The cause was tried and finally submitted to the court for its decision May 3, 1892, and on the 26th of May the court filed a written opinion announcing its conclusions, and directing counsel to prepare findings and a decree in accordance with said opinion. Hobart died June 2, 1892, and upon proper proceedings therefor the appellants, Cross and Bridge, who had been appointed the executors of his last will and testament, were made parties defendant in the place and stead of Hobart, and thereafter, upon proper notice to them, the court, on motion of the plaintiff, ordered its findings and a judgment thereon to be entered against Hobart *nunc pro tunc*, as of the twenty-sixth day of May, 1892. From the judgment thus entered the executors have appealed, and urge in support of their appeal that, inasmuch as the court had not made its decision prior to his death, the action against him had abated, and the court was not authorized to enter a judgment *nunc pro tunc*, as of a date anterior to his death.

The authority of a court to order its judgment to be entered *nunc pro tunc* is inherent in the court, and is to be exercised for the purpose of doing justice between the parties. A court will always exercise this authority when it is apparent that the delay in rendering the judgment, or a failure to enter it after its rendition, is the result of some act or delay of the court, and is not owing to any fault of the party making the application. One class of the cases in which this authority may be exercised, says Mr. Freeman, comprises those " actions in which no judgments have ever been rendered, but which are, so far as the suitors can make them, in condition for the rendition of final judgments." (Freeman

on Judgments, sec. 57.) "The rule established by the
general concurrence of the American and English courts.
is that, where the delay in rendering a judgment or a de--
cree arises from the act of the court—that is, where
the delay has been caused either for its convenience, or-
by the multiplicity or press of business, through the
intricacy of the questions involved, or of any other
cause not attributable to the laches of the parties—the
judgment or the decree may be entered retrospectively as
of a time when it should or might have been entered up.
In such cases, upon the maxim *Actus curiæ neminem
gravabit*—which has been well said to be founded in
right and good sense, and to afford a safe and certain
guide for the administration of justice—it is the duty
of the court to see that the party shall not suffer by the
delay. A *nunc pro tunc* order should be granted or
refused as justice may require in view of the circum-
stances of the particular case." (*Mitchell* v. *Overman,*
103 U. S. 62. See, also, *Blaisdell* v. *Harris,* 52 N. H.
191.) Whether the decision of the court is to be ex-
pressed in the form of findings of fact or in the form
of a judgment, or both, is immaterial. The principle
upon which its action is to be sustained is that justice
may be done between the parties. If the cause has been
tried and finally submitted to the court for its judg-
ment, the rights of the parties are to be determined as
they existed at the time of such submission, and neither
party is to be prejudiced by the delay of the court in
rendering its judgment. In *Campbell* v. *Mesier,* 4 Johns.
Ch. 342, 8 Am. Dec. 570, the cause had been submitted
to the chancellor upon proofs taken before the master,.
and after argument, but before decision, one of the de-
fendants died. The chancellor ordered the decree. to
have relation back, and to be entered as of the date
when the cause was finally heard. If, as is provided by
sections 632 and 633 of the Code of Civil Procedure, the
making and filing of findings of fact is essential to its
decision, the court has the same authority to order these
findings to be filed *nunc pro tunc* as it has to order the

judgment thereon to be so entered.  These various acts —the making, as well as the filing of findings, and the entry of judgment—are only parts of the decision which the court has been invoked to make upon the submission of the cause, and together constitute the final determination of the rights of the parties.  The decision which the parties have invoked the court to make is not necessarily the statutory and technical " decision " referred to in section 633 of the Code of Civil Procedure, but is the final determination of the rights of the parties, and includes every step or act of the court which is requisite to a final judgment upon their rights.  The rights of the parties are not to be prejudiced by the delay of the court in respect to any of these acts or proceedings, and the court is authorized to direct the making or filing of its findings of fact and conclusions of law, as well as the entry of a judgment thereon, *nunc pro tunc* as of such date as will preserve these rights.

As the rule has its origin in a purpose to prevent a failure of justice, it is necessary to invoke it only to the extent that is requisite in effecting this purpose.  If the code were silent regarding the procedure in case of the death of a party pending litigation, the court would be authorized to make its decision as complete as if it had become final prior to his death.  Section 669 of the Code of Civil Procedure, however, provides: " If a party die after a verdict or decision upon any issue of fact, and before judgment, the court may nevertheless render judgment thereon.  Such judgment is not a lien on the real property of the deceased party, but is payable in course of administration on his estate."  The effect of this section, in providing for the entry of a judgment which is payable out of the estate of the decedent, affords a statutory procedure which was unknown to the common law, and to that extent removes the necessity of directing the judgment to be entered upon the decision as of a date anterior to his death.  It does not, however, do away with the rule that authorizes the court to direct that its decision, so far as the same shall be

necessary to protect the rights of the parties, shall be entered *nunc pro tunc*, as of a day anterior to the death of the party.   In the *Estate of Page*, 50 Cal. 40, it was held that the effect of entering a judgment under the provisions of section 202 of the Practice Act, which correspond to section 669 of the Code of Civil Procedure, was the same as if it had been ordered as of a date anterior to his decease, except that it could not be made to charge the estate with a lien which would have priority, and that it was payable only in due course of administration, and that the proper practice was to enter the judgment against the deceased by name.

In the present case, therefore, it was proper for the court to direct that its findings of fact and conclusions of law thereon should be filed as of a date anterior to the death of Hobart.   By so doing the decision became in all respects as effective as if actually made before his death, and by the provisions of section 669 the judgment thereon could be entered after his death.   In view of this provision, and considering the nature of the action itself, we think that the preferable course would have been to direct the judgment to be entered as of the date of the judgment against the codefendants of Hobart.

The right of the plaintiff to "maintain" the action against the executors of Hobart is fully authorized by section 1584 of the Code of Civil Procedure.   (See, also, *Coleman* v. *Woodworth*, 28 Cal. 567.)   It falls within the rule given by Lord Mansfield in *Hambly* v. *Trott*, Cowp. 371: "Where property is acquired which benefits the testator, there an action for the value of the property shall survive against the executor."

The judgment is, therefore, set aside, and the court is directed to enter judgment against the defendant Hobart for the sum of two hundred and ten thousand one hundred and ninety-seven dollars and fifty cents, as of the same date that it shall enter judgment against the defendants Hayward and Levy, with the directions that the said judgment against Hobart be payable in the

course of administration on his estate; and to take such further proceedings in the action against the appellants herein as were directed in the appeal of Hayward *et al.*, so far as the same may be appropriate under the proofs that may be made before it.

Temple, J., McFarland, J., Henshaw, J., Van Fleet, J., Garoutte, J., and Beatty, C. J., concurred.

Rehearing denied.