[Sac. No. 794.　Department Two. — August 24, 1901.]

GEORGE F. TODHUNTER et al., Respondents, v. J. P. KLEMMER et al., Appellants.

ACTION UPON STAY BOND — DISTRIBUTION OF ESTATE OF DECEASED OBLIGEE — COLLATERAL ATTACK. — In an action upon a stay bond, given upon appeal in an ejectment suit to several obligees, one of whom had died, the distribution of the estate of the deceased obligee to plaintiffs cannot be collaterally attacked by the obligors, made defendants in the action.

ID. — FORMER ACTION PENDING — DISMISSAL. — A plea of a former action pending for the same cause is not available, where the former action was regularly dismissed before the commencement of the second action.

ID. — PROOF OF NON-PAYMENT OF BOND — ADMISSION OF PLEADING. — The non-payment of the bond sued upon need not be proved, where it is alleged in the complaint and not denied in the answer.

ID. — EVIDENCE INADMISSIBLE UNDER PLEADINGS — OCCUPATION OF LAND BY DEFENDANT IN EJECTMENT — RECEIVER. — Where the pleadings in the action upon the bond admitted the alleged occupation of the land by the defendant in the ejectment suit, and the alleged value thereof, evidence offered by the defendants to show the appointment of a receiver, and his possession of the land, is inadmissible under the pleadings.

ID. — REFUSAL OF AMENDMENT AT TRIAL — DISCRETION — ABSENCE OF WRITING AND VERIFICATION. — The refusal of leave to the defendant to make a proposed amendment at the trial was within the discretion of the court; and that discretion was properly exercised, where the proposed amendment was objected to, not only as being too late, but also as not being in writing, and without verification of the facts.

ID. — JUDGMENT IN EJECTMENT — PRIOR DEATH OF CO-PLAINTIFF — JU-
RISDICTION — JUDGMENT AND BOND UPON APPEAL NOT VOID. — The
fact that one of the co-plaintiffs in the ejectment suit died prior to
the judgment rendered therein did not deprive the court of juris-
diction, nor render the judgment absolutely void; nor did it vitiate
a bond given upon appeal in his favor as one of the co-plaintiffs.
His name as obligee represented his executors or distributees as the
real parties in interest. The undertaking necessarily followed the
judgment, and was valid, both as against the obligors, and in favor
of the executors or distributees of the deceased obligor named
therein.

APPEAL from a judgment of the Superior Court of Glenn
County and from an order denying a new trial. Oval Pirkey,
Judge.

The record shows that, pending the action of ejectment in
which the stay bond in suit was given, one of the plaintiffs,
William P. Todhunter, died, August 13, 1896, before the action
was tried, and that the judgment was nominally in his favor
as one of the plaintiffs. Further facts are stated in the
opinion.

Geis & Alberry, for Appellants.

Frank Freeman, and Charles L. Donohoe, for Respondents.

SMITH, C. — This is an appeal from a judgment for the
plaintiffs and from an order denying the defendants' motion for
a new trial. . The suit was brought on an undertaking of the
defendants, given on appeal in an action of ejectment in which
the plaintiffs and one William P. Todhunter were plaintiffs
and one Armstrong defendant, which was affirmed on appeal.
But at the date of the judgment, September 21, 1896, the last-
named plaintiff had been dead for over a month, and his ex-
ecutors were not appointed until seven days afterwards. The
undertaking was to "the plaintiffs" in the ejectment suit (*eo
nomine*), and was for double the amount of costs ($29.25), and
for the value of the use and occupation of the land in question,
not exceeding $750. It is alleged in the complaint, and not
denied, that the value of the use and occupation of the land
while occupied by the defendant was fifteen hundred dollars;
and, also, it is alleged that by a decree of distribution duly
made and entered by the superior court of the county of Yolo,

April 19, 1897 (prior to the beginning of this suit), in the matter of the estate of said deceased Todhunter, the whole of the estate of deceased, including his interest in the undertaking in question, was distributed to the plaintiffs. The case was tried before a jury, which, under instructions to that effect from the court, returned a verdict for the plaintiffs for the sum of $779.25. Numerous points are made by the appellants' counsel, but they may be reduced, in effect, to the following, viz.: 1. That the judgment in the ejectment suit, and consequently the undertaking, were void; 2. That the decree of distribution in the matter of the estate of William P. Todhunter was void, and ineffectual to vest in the plaintiffs the interest of deceased in the undertaking; 3. That there was another action pending; 4. That the plaintiffs failed to prove that the amount due had not been paid; and 5. That the court erred in rejecting evidence offered by defendants, and in refusing to permit the defendants to amend their answer.

The last four of these objections will not require an extended consideration. The decree of distribution referred to was entirely regular, and were it otherwise, could not be collaterally attacked by the defendants. The former action pleaded was regularly dismissed before the commencement of this action, under subdivision 1 of section 581 of the Code of Civil Procedure. The costs referred to in that subdivision are the costs of entering the judgment (*Kaufman* v. *Superior Court*, 115 Cal. 152); and if the judgment be entered by the clerk without payment, its validity cannot be questioned. (*Hinkel* v. *Donahue*, 90 Cal. 389; Code Civ. Proc., sec. 1908.) It did not devolve upon the plaintiffs, under the pleadings, to prove that the amount due on the undertaking was unpaid. It is so expressly alleged, and not denied. The evidence offered by defendants as to the appointment of receiver, his taking possession of the land, etc., was inadmissible under the pleadings, which admitted the occupation of the defendant, and the value of the use and occupation of the land while so occupied. The refusal of defendants' leave to amend was within the discretion of the court. The amendment was not denied on the ground that it was too late (as claimed by the appellants' counsel), but generally, on the grounds urged in objection, which were, in addition to the motion being too late, that the amendment was not

in writing, and that there was no verification of the facts referred to in it.

The remaining point relates to the judgment in the ejectment suit, which is claimed to be void, on the authority of *McCreery* v. *Everding*, 44 Cal. 284, and to the validity of the undertaking. But the *dictum* in the case cited has been expressly overruled by the later decisions of *Phelan* v. *Tyler*, 64 Cal. 82, and *Tyrrell* v. *Baldwin*, 67 Cal. 2, where it is held that the death of a party pending suit does not oust the jurisdiction of the court, and hence that the judgment is voidable only, not void. This does not mean that a judgment can be really rendered for or against a dead man, but that it can be rendered nominally for or against him, as representing his heirs, or other successors, who are the real parties intended. The undertaking necessarily followed the judgment. (Code Civ. Proc., secs. 941–945; *Walsh* v. *Soule*, 66 Cal. 443.) Nominally, it was to the deceased plaintiff (with the others), but really it was to his executors; and his interest was, by the decree of distribution alleged in the complaint, assigned to the other plaintiffs.

The judgment and order appealed from should be affirmed.

Chipman, C., and Gray, C., concurred.

For the reasons given in the foregoing opinion the judgment and order appealed from are affirmed.

McFarland, J., Temple, J., Henshaw, J.