[Civ. No. 4174. Second Appellate District, Division One.—July 5, 1923.]

ANDREW J. COPP, Jr., Respondent, v. JAMES C. RIVES, Special Administrator, etc., et al., Defendants; BESSIE HALE, Appellant.

[1] HUSBAND AND WIFE — COMMUNITY PROPERTY MORTGAGE — EXECUTION BY HUSBAND—VALIDITY.—A mortgage on community property acquired prior to the adoption of section 172a of the Civil Code, if given for a valuable consideration, is valid, though executed by the husband alone subsequent to the adoption of said code section.

[2] JUDGMENTS—ACTION TO FORECLOSE MORTGAGE—DEATH OF DEFENDANT AFTER OPINION RENDERED—AUTHORITY TO RENDER JUDGMENT.—Where an action against a husband and wife to foreclose certain mortgages is submitted upon an agreed statement of facts, in which it is stipulated that judgment may be entered against the husband for certain specified sums and that if the mortgages are found to be valid the usual decree of foreclosure may be entered, no findings are required; and the trial court is authorized to render judgment in such action after the death of the husband where, prior to such death, it had rendered its opinion and directed judgment in plaintiff's favor.

[3] ID. — SUBSTITUTION OF SPECIAL ADMINISTRATOR — OMISSION OF ORDER FROM JUDGMENT-ROLL—RECITAL IN JUDGMENT.—The recital

---

2. Entry of judgment *nunc pro tunc*, notes, 4 Am. St. Rep. 828; Ann. Cas. 1915D, 685, 692; after death of party, notes, 3 A. L. R. 1403; 20 L. R. A. 148.

in a judgment that an order substituting a special administrator as defendant in the place of a deceased defendant, without some proof to the contrary, is sufficient to sustain the judgment, even though such order is not contained in the judgment-roll.

APPEAL from a judgment of the Superior Court of Los Angeles County. Albert Lee Stephens, Judge. Affirmed.

The facts are stated in the opinion of the court.

Gesner Williams, John L. McGonigle and Hal Hughes for Appellant.

Andrew J. Copp, Jr., and Sylas S. Meyer for Respondent.

CURTIS, J.—Respondent suggested at the oral argument of this appeal that since the perfection of this appeal certain proceedings had been taken which would render a decision on this appeal the decision of a moot question of law and, therefore, that the appeal should be dismissed. In support of his suggestion respondent has filed an affidavit herein to the effect that since the perfection of said appeal respondent has caused to be filed a claim based upon the mortgages sought to be foreclosed in this action, and upon which judgment was rendered in respondent's favor, and from which judgment this appeal was taken, with the special administrator of the estate of James G. Hale, deceased, with the powers of a general administrator, and that said claim was allowed by said special administrator. Said administrator is not a party to this appeal and we are of the opinion that, conceding all the facts set forth in said affidavit to be true, still they do not show that the question involved in this appeal has become a moot question.

This action was instituted to foreclose two mortgages, executed by James G. Hale to plaintiff. One of said mortgages was dated January 15, 1918, and recorded on the same day, and the other was dated and recorded on January 22, 1918. At the time of the execution of said mortgages the said James G. Hale and appellant, Bessie Hale, were husband and wife, and the real property described in said mortgages was their community property, the same having been acquired by them prior to the adoption of section 172a of the Civil Code on April 27, 1917. The appellant Bessie Hale

did not join in the execution of either of said mortgages. The action was submitted to the trial court upon an agreed statement of facts. After the submission of said action upon said agreed statement and before judgment was rendered James G. Hale, one of the defendants in said action, died, and James C. Rives, special administrator of the estate of James G. Hale, deceased, was substituted as defendant in place of said James G. Hale, deceased. Thereupon judgment was rendered in plaintiff's favor, in which judgment said mortgages were declared to be valid and a lien upon the whole of the mortgaged premises, and the same were ordered sold and the proceeds applied to the payment of the amount found due plaintiff. The defendant Bessie Hale appeals.

[1] Appellant first contends that the mortgages were void, or were at least invalid as against her and her interest in the mortgaged property, for the reason that said property was community property and she did not join in the execution of said mortgages as required by section 172a of the Civil Code. Said section is as follows: "The husband has the management and control of the community real property but the wife must join with him in executing any instrument by which such community real property or any interest therein is leased for a longer period than one year, or is sold, conveyed or encumbered. . . . " This section was in effect at the date of the execution of each of said mortgages, but the real property described in said mortgages had been acquired by appellant and her husband prior to the adoption of said section 172a. Before the adoption of said section the husband had the absolute right of disposition of the community property, other than testamentary, as he had of his separate property, provided he could not make a gift of it or convey it without a valuable consideration, without the written consent of the wife. There is no contention that the mortgages in question were not given for a valuable consideration. The only question for decision, therefore, is whether the law in effect at the date the property was acquired, or that in effect at the date of the execution of the mortgage, controls as to the rights of the parties to convey or mortgage the community property. The question was squarely before the supreme court in the case of *Spreckels* v. *Spreckels,* 116 Cal. 339 [58 Am. St. Rep. 170, 36 L. R. A. 497, 48 Pac. 228], and it was there held that the law in

effect at the date the community property was acquired determines the rights of the parties therein, and any amendment thereto must be confined to community property acquired after the passage of such amendment.

[2] It is next contended by appellant that the court had no authority to render judgment in said action after the death of the defendant James G. Hale, for the reason that no decision had been made by the trial court prior to the death of said defendant. Section 669 of the Code of Civil Procedure provides: "If a party die after a verdict or decision upon any issue of fact, and before judgment, the court may nevertheless render judgment thereon." In the case of *Fox* v. *Hale & Norcross S. M. Co.*, 108 Cal. 478 [41 Pac. 328], the defendant Hobart died after the trial of the action, and after the court had filed a written opinion, announcing its conclusion and directing counsel to prepare findings and judgment, but before any findings of fact or conclusions of law had been filed or any judgment rendered by the court. The court thereafter ordered findings and a judgment thereon to be entered against Hobart, *nunc pro tunc*, as of the date of its written opinion. The supreme court approved the action of the trial court in ordering findings filed *nunc pro tunc*, but set aside the judgment which had been rendered *nunc pro tunc* as of the date prior to the death of Hobart, and directed the court to enter judgment against Hobart as of the date of the judgment against the codefendants of Hobart, which was after the death of Hobart. In this case the court said: "In the present case, therefore, it was proper for the court to direct that its findings of fact and conclusions of law thereon should be filed as of a date anterior to the death of Hobart. By so doing the decision became in all respects as effective as if actually made before his death, and by the provisions of section 669 the judgment thereon could be entered after his death."

As we have already seen, this action had been submitted upon an agreed statement of facts prior to the death of Hale. In this statement of facts was the following stipulation: "It is stipulated that judgment may be entered in favor of the plaintiff and against the defendant, James G. Hale, for the aggregate amount of principal sums of said two promissory notes, to wit, the aggregate sum of one thousand eighty-three and four/100 ($1083.04) dollars, together with interest

thereon according to the terms and conditions of said promissory notes respectively, aggregating the sum of two hundred sixty-one and forty/100 ($261.40) dollars, computed to the 1st day of July, 1921, and in addition thereto, reasonable attorney's fees in the sum of one hundred ($100.00) dollars, if the court finds plaintiff is entitled thereto; and furthermore, if the court finds that the two writings denominated mortgages are valid mortgages and create a valid and subsisting lien upon the real property therein described, whether restricted to the interest of James G. Hale therein or covering the community interests of said James G. Hale and Bessie Hale, then, that the usual decree of foreclosure of said mortgages may be duly rendered and made herein in accordance with the prayer of plaintiff's complaint.'' Under such an agreed statement of facts findings were waived. (*City of Los Angeles* v. *Los Angeles Farming & Milling Co.,* 152 Cal. 645 [93 Pac. 869, 1135].)

The judgment contained the following recital: ''The court orders that judgment be entered in favor of the plaintiff and against the defendants, as prayed for in plaintiff's complaint on file herein. It being made further to appear to the court that the defendant James G. Hale having left this life subsequent to the order of this court ordering judgment in favor of the plaintiff as aforesaid.'' From this recital in the judgment it would appear that the court had, prior to the death of Hale, rendered its opinion and directed judgment in plaintiffs' favor. The record does not disclose the form in which this opinion was rendered, but from the recital in the judgment we must presume that it was rendered in the usual manner which would be either by filing a written opinion in the action, or by an entry thereof in the minutes of the clerk. After the rendering of this opinion the court, under the authority of *Fox* v. *Hale & Norcross S. M. Co., supra,* had the right, after the death of Hale, to have ordered findings filed, *nunc pro tunc,* as of the date said opinion was filed and upon such findings to have entered judgment after the death of Hale. The case, however, having been submitted upon an agreed statement of facts, no findings were required. The court, therefore, in our opinion was authorized under these conditions to render the judgment after the death of the defendant Hale.

[3]  The third ground advanced by appellant as a reason why the judgment should be set aside is that the judgment-roll does not contain any order substituting James C. Rives, as special administrator, as a defendant in the place of James G, Hale, deceased, as required by section 670 of the Code of Civil Procedure. The judgment recites that such an order was made. This recital was sufficient to sustain the judgment without some proof to the contrary, and no such proof is found in the record. ''The mere absence from the roll of a paper—for example, the return of the officer showing a service of the summons—cannot invalidate the judgment when the judgment itself recites the fact that the defendant was duly served with process.'' (*Whitney* v. *Daggett,* 108 Cal. 232–235 [41 Pac. 471].)

The judgment appealed from is affirmed.

Conrey, P. J., and Houser, J., concurred.

·· A petition by appellant to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on August 30, 1923.