[Civ. No. 4826.    Second Appellate District, Division One.—December 9, 1925.]

EMILIE E. SADDLER, Respondent, v. CALIFORNIA BANK (a Corporation), Appellant.

[1] BANKS AND BANKING — AGENCY FOR COLLECTIONS — CUSTOM OR USAGE—KNOWLEDGE OF DEPOSITOR—PRESUMPTIONS.—A principal who selects a bank as his collecting agent, thus availing himself of the facilities which it holds out, in the absence of special direction, is bound by any reasonable usage prevailing and established among banks at the place where the collection is made, without regard to his knowledge of its existence, and knowledge on the part of the customer is conclusively implied.

[2] ID.—CHECKS—DEPOSIT FOR COLLECTION—LIABILITY OF COLLECTING BANK—CUSTOM—EVIDENCE—FINDINGS.—In an action to recover the amount of a check entrusted to the defendant bank for collection, a finding that the amount of the check was accepted by the defendant bank as "that much cash" is not sustained by the evidence as an inference from the fact that at the time of making the deposit nothing was said to plaintiff by the defendant's officers or agents regarding the conditions under which the deposit was received, or the terms under which it was accepted, in view of the custom prevalent among banks in the city where the check was deposited, that in accepting checks for deposit payable elsewhere, credit is given subject only to final payment.

[3] ID. — JUDGMENTS — DEATH OF PLAINTIFF — ENTRY OF JUDGMENT NUNC PRO TUNC—SUBSTITUTION.—In such action, where the plaintiff died after the trial and submission of the cause, but prior to the rendition of the judgment, the trial court had the authority to enter a judgment nunc pro tunc in favor of the plaintiff as of a date prior to her death without the substitution of the plaintiff's administrator as a party.

(1) 7 C. J., p. 612, n. 30.    (2) 7 C. J., p. 607, n. 92, p. 612, n. 30, p. 623, n. 48.    (3) 34 C. J., p. 75, n. 62.

APPEAL from a judgment of the Superior Court of Los Angeles County.   John Perry Wood, Judge.   Reversed.

1. See 4 Cal. Jur. 263; 3 R. C. L. 634.
2. Nunc pro tunc entry of judgment upon death of party, notes, 4 Am. St. Rep. 828; 1 L. R. A. 567; 20 L. R. A. 148.   See, also, 14 Cal. Jur. 931; 15 R. C. L. 626.

The facts are stated in the opinion of the court.

Goudge, Robinson & Hughes for Appellant.

George H. Wilson and J. W. Hocker for Respondent.

CONREY, P. J.—On or before February 19, 1921, the plaintiff had in the defendant bank an interest-bearing account, known as a special ordinary account, subject to check. Her business in connection with that account was conducted by George H. Wilson, her attorney in fact. On the above-stated date Wilson deposited for her in defendant bank a cashier's check, made to her order by the First National Bank of Desdemona, Texas, in the sum of $3,640, and the bank credited that amount on her pass-book. On October 6, 1921 (said deposited amount not having been theretofore withdrawn), plaintiff presented to defendant bank her check for the sum of $3,653.03, being the said sum of $3,640, together with accrued unpaid interest thereon. The bank refused payment of this check. Thereafter the plaintiff commenced, and prosecuted to judgment, her action to recover the amount so demanded. Defendant appeals from the judgment.

It appears from the findings of the court that on receiving the cashier's check, defendant indorsed the same and delivered it to the Commercial National Bank of Los Angeles, California, for credit, and received from said bank a credit therefor in the sum of $3,640; that the Commercial National Bank indorsed said check and forwarded it to the City National Bank of Galveston, Texas, for credit; that the City National Bank of Galveston, Texas, indorsed the check and transmitted it to the Federal Reserve Bank of Dallas, Texas, which bank on the twenty-sixth day of February, 1921, forwarded the cashier's check, together with other items, by mail, direct to the First National Bank of Desdemona, Texas, the payor of the item, and requested a draft in payment thereof; that the Desdemona bank thereupon forwarded to said Federal Reserve Bank, as requested, a draft for the full amount of the remittance, said draft being drawn on a bank at Fort Worth, Texas; that before this draft on the Fort Worth bank was honored, the First National Bank of Desdemona, Texas, closed, and payment of

the draft on Fort Worth was refused by the Fort Worth bank; that the Federal Reserve Bank of Dallas, Texas, has filed its claim against the receiver of the First National Bank of Desdemona, Texas, for the full amount of the draft received by it from the First National Bank of Desdemona, Texas, and said claim has been allowed to said Federal Reserve Bank.

The findings further state that the plaintiff's pass-book and the deposit slip used in the making of the deposit of this item, contained provisions that the bank in accepting drafts, etc., for collection or credit, does so solely for the depositor and shall not be liable for default of any bank or agent to which the draft, etc., may be sent, nor until the proceeds in actual money or solvent credits shall come into its possession, and that under these conditions items previously credited may be charged back to the depositor's account; that there is a custom among banks in Los Angeles that in receiving drafts, etc., on points outside of Los Angeles, the depositee bank shall transmit the same in the usual manner for collection to such bank or person as it may deem reliable, and that such depositee bank shall not be liable for default of any bank or agent to whom the draft, etc., may be sent, until the proceeds in actual money or solvent credits shall come into its possession; that neither the plaintiff nor her attorney in fact who made the deposit had read or knew the contents of the provisions in the pass-book and on the deposit slip, and that they had no knowledge of said custom; that the defendant carried the item on its books to the credit of plaintiff, and rendered her monthly statements showing such credit from February, 1921, to October, 1921, and allowed and paid to plaintiff interest thereon at the rate of three per cent per annum. The court further finds that at the time of making the deposit nothing was said to plaintiff by the defendant's officers or agents regarding the conditions under which said deposit was received, or the terms under which it was accepted, and that the same was accepted by defendant California Bank the same as accepting that much cash, and the defendant bank immediately delivered it to the Commercial National Bank, a solvent banking house, and received from it credit therefor, and has that credit at the time of the trial of this action.

The action came to trial on the twenty-fifth day of April, 1922, whereupon the evidence was received and the case submitted for decision. Prior to any decision, and on June 28, 1922, plaintiff died. Thereafter, the court rendered its decision, and judgment was entered on January 30, 1923, *nunc pro tunc*, as of June 20, 1922. An administrator of the estate of plaintiff was appointed on January 19, 1923, but in this action no substitution of party plaintiff was made.

[1] We shall first consider the point noted as point IV in appellant's brief, which is, that the universal custom among banks in Los Angeles in accepting checks for deposit payable elsewhere is that credit is given subject only to final payment, and that this custom must conclusively be deemed to have been known to the plaintiff. We think that this point is correctly stated and is definitely supported by authority of the decisions in this state. "The rule prevailing in California has been stated to be that 'a principal who selects a bank as his collecting agent, thus availing himself of the facilities which it holds out, in the absence of special direction, is bound by any reasonable usage prevailing and established among the banks at the place where the collection is made, without regard to his knowledge of its existence. Knowledge on the part of the customer is implied conclusively.' . . . The same rule prevails in many other jurisdictions." (*Luckehe* v. *First National Bank of Marysville,* 193 Cal. 184, 190 [223 Pac. 547, 550]. See, also, *Nicoletti* v. *Bank of Los Banos,* 190 Cal. 637, 641 [27 A. L. R. 1479, 214 Pac. 51].)

The law being as above stated, the finding to the effect that the plaintiff had not, and that her attorney in fact had not, any knowledge of said custom among banks of Los Angeles becomes immaterial, and it is not necessary to closely examine appellant's claim that said finding is not sustained by the evidence.

[2] The finding that the amount of the cashier's check was accepted by defendant bank as "that much cash" is not sustained by the evidence, unless it can be sustained as an inference from the fact that at the time of making the deposit nothing was said to plaintiff by the defendant's officers or agents regarding the conditions under which the deposit was received, or the terms under which it was ac-

cepted. But in view of the custom to which we have referred, that inference from the mere silence of the defendant is without foundation. On the contrary, the only legitimate inference from the facts directly proved is, that a conditional credit only was given for the amount of the item, the credit being conditioned upon the final payment of the check. This conclusion is re-enforced by the fact that provisions which were in accord with said custom were printed in the pass-book, and upon the deposit slip which accompanied the deposit of the cashier's check, as well as upon previous deposit slips which had been used by the plaintiff in connection with her said account. In view of the fact that our decision herein rests principally upon said established custom of banks, we need not enter into a discussion of the decisions which bear upon the further point made by appellant, that said printed provisions thus constituted a binding contract between the depositor and the bank.

Respondent points out that appellant credited interest on the disputed balance, and actually paid an installment thereof. But the evidence also, without conflict, shows that the account, when the deposit was made, had placed on it the notation, "hold eight days," and that information of nonpayment of the check was promptly given to respondent, and that at all times thereafter respondent was informed that appellant denied its liability for said check.

It may be conceded that the Federal Reserve Bank of Dallas, Texas, should have sent said cashier's check to a bank in Desdemona other than the payee bank, with instructions to demand actual money from the payee, and that said Federal Reserve Bank was negligent in sending the cashier's check directly to the payee bank, as well as in requesting payment by draft. We are not now concerned with the liability of the Federal Reserve Bank for such negligence. For the purpose of the present action it is sufficient that the money called for by the cashier's check has not been paid by the payee, or by said Federal Reserve Bank, and that the money has not been received by the defendant. The credit received by defendant from the Commercial National Bank of Los Angeles is conditional in its nature and remains unsettled. This being so, the condition upon which any liability of defendant Bank to the plaintiff for the amount of the deposited cashier's check could arise is thus far a nonexistent

condition. That the credit received by defendant from the Commercial National Bank was given as a tentative one, taking its form as a matter of bookkeeping, is shown by the fact that the transaction was subject to an agreement between the said two banks, which agreement is contained upon the face of the deposit slip deposited by defendant with the Commercial National Bank on February 21, 1921, for items which included said cashier's check. This agreement provided that the Commercial National Bank "reserves the right to forward at depositor's ........ checks, drafts, etc., deposited for credit or collection, to collection agents of its selection who may or may not be the pay .... thereof and the bank is not liable for the neglect, delay or default of such agents. No responsibility is assumed until final payment is received." Such final payment has never been received by the Commercial National Bank, and it is established without question that that bank by reason of the nonpayment of the cashier's check, on April 4, 1921, charged back to defendant the amount thereof. The fact that defendant Bank has declined to accept the debit of the item, without return of the cashier's check or its amount, is consistent with its defense, and merely shows a continued effort of defendant to complete the collection.

[3] Appellant's contention that the judgment as entered is void, because entered in the name of the plaintiff after her death, and without substitution of the administrator as party plaintiff, appears to be without merit. In *Estate of Pillsbury,* 175 Cal. 454, 460 [3 A. L. R. 1396, 166 Pac. 11], it was held that in a case wherein an action against the defendant was tried and the trial concluded two days before his death, and the judgment against deceased was entered two days after his death, and thereafter the court, being advised of the death, entered the same judgment *nunc pro tunc* as of the day of the submission of the cause for determination, the court had power to enter a valid *nunc pro tunc* judgment and that the same was valid. We therefore are of the opinion that for the purpose of entry of judgment, on the facts shown by this record, a substitution of the administrator of plaintiff's estate was not necessary.

For the reasons hereinabove stated, the judgment is reversed.

Hahn, J., *pro tem.*, and Curtis, J., concurred.

A petition by respondent to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on February 5, 1926.