[Civ. No. 5416. First Appellate District, Division Two.—January 5, 1926.]

In the Matter of the Estate of EDGAR R. THOMSON, etc., Deceased. THOMAS B. DOZIER, as Administrator, etc., Appellant, v. GERTRUDE McNEIL, as Administratrix, etc., Respondent.

[1] ESTATES OF DECEASED PERSONS — MOTION TO REQUIRE ADMINISTRATRIX TO APPROVE CLAIM—EVIDENCE—APPEAL—PRESUMPTIONS.— On an appeal from an order denying a motion to require an administratrix to approve a claim against an estate, it must be assumed that the probate court properly denied the motion, where it was based upon the ground that the rejection of the claim was arbitrary, and so far as appears from the record on appeal no evidence was offered in support of the ground specified.

[2] ID.—NATURE OF PROBATE PROCEEDINGS. — Probate proceedings are special and must be strictly followed.

[3] ID.—CLAIMS—SECTION 1498, CODE OF CIVIL PROCEDURE.—Section 1498 of the Code of Civil Procedure provides a complete method of action when a claim is rejected by a representative of an estate in probate and no provision is made therein for a proceeding by motion to require the representative to approve a rejected claim.

[4] ID.—VALIDITY OF JUDGMENTS—APPEAL.—The validity of judgments rendered against the decedent after his death and without a substitution, which judgments are in issue in a civil action which the holder thereof has instituted against the administratrix of said decedent's estate, is not a proper matter for consideration on an appeal from an order denying a motion to require said administratrix to approve a claim against said estate based on said judgments.

(1) 4 C. J., p. 735, n. 27. (2) 15 C. J., p. 1008, n. 33, p. 1018, n. 22. (3) 24 C. J., p. 384, n. 6. (4) 4 C. J., p. 675, n. 57.

APPEAL from an order of the Superior Court of Alameda County denying motion to require an administratrix to approve claim. Affirmed.

The facts are stated in the opinion of the court.

Dozier, Kimball & Dozier for Appellant.

2. See 11 Cal. Jur. 234.

Archibald B. Tinning and Stanley R. Sterne for Respondent.

NOURSE, J.—The petitioner appeals from an order denying his motion to require the respondent, as administratrix of the estate of Edgar R. Thomson, to allow and pay petitioner's claim against said estate. The appeal is presented on two typewritten documents entitled, respectively, "Clerk's Transcript on Appeal" and "Reporter's Transcript." No bill of exceptions is found in the record and the appellant has failed to print in his opening brief or at all the moving papers or any evidence taken at the hearing of the motion. The document entitled "Reporter's Transcript" consists entirely of statements of counsel and argument in favor of and against the motion.

From this discussion we learn that the petitioner commenced two certain actions for the foreclosure of separate mortgages and served the decedent Thomson with process as a defendant therein. On May 11, 1923, Thomson died, and on June 6, 1924, respondent herein was appointed administratrix of his estate. In January, 1925, without substituting administratrix or taking any other proceedings and without having taken the default of decedent during his lifetime, the appellant herein caused the default of decedent to be entered in the foreclosure suits. He thereafter took judgment against the decedent in each suit and then presented to the administratrix of this estate his claim for the deficiency amounting to $7,094.22 and interest. This claim was rejected by the administratrix in due course. Thereupon this appellant commenced an action in the superior court upon the rejected claim and so far as we are informed, that action is still pending.

[1] The appellant's motion to require the administratrix to approve the claim was based upon the ground that the rejection was arbitrary. So far as appears from the record before us no evidence was offered in support of the ground specified. On the record, therefore, we must assume that the probate court properly denied the motion.

Furthermore, we find no authority in the statutes for a motion of this nature. [2] Probate proceedings are special and must be strictly followed. [3] Section 1498 of the Code of Civil Procedure provides a complete method of

action when a claim is rejected by the representative of an estate in probate and no provision is made therein for a proceeding of this kind.

The only authority cited by appellant in justification of his motion is *Estate of Page,* 50 Cal. 40. The facts of that case are different from those of the case at bar. There a verdict had been returned against the decedent in his lifetime; while a motion for a new trial was pending the defendant died; his executors were substituted and their motion for a new trial was denied. Judgment was thereupon entered against the executors. That judgment came within the provisions of section 1504 of the Code of Civil Procedure, which read (enactment of 1872, in effect at the time of the decision): "The effect of any judgment rendered against any executor . . . shall be only to establish the claim in the same manner as if it had been allowed by the executor or administrator and the probate judge."

In the case at bar the judgments were not rendered against the administratrix but against the decedent after his death and without a substitution. It seems idle for appellant to argue that because the decedent had not appeared in the foreclosure actions during his lifetime his default might have been taken and judgment might have been entered against him in his lifetime.

[4] Appellant has not directed our attention to any statutory authority for the proceeding he has adopted and the validity of the judgments which are in issue in the civil action which he has instituted against the administratrix is not, therefore, a proper matter for consideration on this appeal.

Order affirmed.

Sturtevant, J., and Langdon, P. J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on January 28, 1926, and a petition by appellant to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on March 3, 1926.