[Civ. No. 15233.   Second Dist., Div. One.   Aug. 12, 1946.]

ALBERT F. MACHADO et al., Appellants, v. ALBERTINA FLORES, as Administratrix, etc., Respondent.

John Schlegel and Charles D. Munro for Appellants.

William J. Clark and H. W. Shaw for Respondent.

DORAN, J.—On July 28, 1919, a judgment for damages in a personal injury action was rendered against Albert F. Machado, hereinafter called appellant, in the amount of $10,000, in favor of Concepcion Avila whose administratrix is the respondent Albertina Flores. For the purpose of renewing such judgment, Concepcion Avila filed a complaint on August 29, 1924. Three years later the summons therein was returned to the clerk showing personal service on appellant as of August 29, 1927, and on January 3, 1928, a default judgment was entered against the appellant. The salient feature of this appeal arises from the fact that Concepcion Avila, plaintiff therein, had died on June 23, 1925, between the date of filing such action and the service of summons on the appellant. There was no appointment of an administrator for Concepcion Avila until after September 16, 1935, on which date petition for administration was first made. Finally, on July 16, 1937, and for the first time, an administrator was substituted for and in the place of Concepcion Avila, the deceased plaintiff. Respondent's brief comments ''That the fact of her death was known to any of the parties before the entry of judgment on the default does not appear. Nor does it appear when appellants learned of the death of the judgment creditor but it does appear that they did not take any steps to vacate or set aside the judgment until an attempt was made to enforce it by supplementary proceedings.''

The present action is one in equity brought to enjoin the enforcement of the judgment, the complaint alleging that by reason of plaintiff's death before service of the summons upon the defendant, ''there was no plaintiff before the court in the said matter; that the jurisdiction of the Court to entertain the cause had not been invoked prior to the death of the plaintiff

therein; that the Court did not have jurisdiction . . . at any time except . . . to dismiss the action"; that the act of the attorney in entering the default and procuring the judgment was unauthorized and ineffective by reason of the plaintiff's death and constituted a fraud upon the court; and therefore that the judgment, execution and all other proceedings in the case, "were wholly void." Both parties moved the trial court for judgment on the pleadings, which motions were denied. The judgment of nonsuit thereafter entered, recites that "Plaintiffs thereupon submitted their cause upon the pleadings on file and Defendant Albertina Flores moved the Court for a non-suit upon the ground that no facts were alleged or proved to entitle the Plaintiffs to restrain or avoid the enforcement of the Judgment . . . or to entitle them to any equitable relief," which motion was thereafter granted. The present appeal is from the judgment entered thereon.

It is the appellant's position that no jurisdiction could have been acquired prior to service of summons upon the defendant (appellant) at which time the plaintiff in that action had been dead for more than two years, for which reason the default judgment renewing the previous judgment "was absolutely void *ab initio* and . . . a mere nullity." On the other hand, the respondent maintains that the judgment, so entered, "is a mere irregularity which does not render the judgment void but, at most, merely voidable"; that equity will not act to prevent enforcement except upon equitable grounds, and that the debtor (appellant) seeking equitable relief must do equity and "pay what he justly owes." Respondent further argues that the appellant "by his default admitted every fact necessary to enable the Clerk to enter judgment as a ministerial act." Appellant's closing brief concedes that the action on the judgment did not abate by reason of the death of Concepcion Avila. This fact is also commented upon by respondent in the following language: "And since it does not abate upon the death of the plaintiff, a ministerial act done in the action after the plaintiff's death, is a mere irregularity."

No case has been cited by either party in which the precise point here involved, was decided; nor is there any code section specifically dealing with the subject matter. The appellant relies in part upon section 416 of the Code of Civil Procedure providing that "From the time of the service of the summons and of a copy of the complaint . . . the court is deemed to have acquired jurisdiction of the parties, and to have control

of all the subsequent proceedings.'' Cases are then cited on the question as to which court has jurisdiction where similar actions have been filed in different courts. Such cases, however, are not helpful since the factual situation is entirely different. Nor do cases from states other than California, throw much illumination upon the present controversy, owing to various differences in procedure. Appellant has also cited 14 California Jurisprudence 928 to the effect that ''A court has no jurisdiction to render judgment for or against a party who was dead at the time the action or proceeding was begun.'' However, in the same paragraph occurs the following: ''But the death of a party pending suit does not render a judgment for or against him after his death void, although there was no substitution of his representatives; it is merely voidable. This does not mean that a judgment may be really rendered for or against a dead man, but that it may be rendered nominally for or against him, as representing his heirs or other successors, who are the real parties intended.'' The latter part of the quotation is taken verbatim from *Todhunter* v. *Klemmer*, 134 Cal. 60 [66 P. 75], which held that the death of one of the coplaintiffs in an ejectment suit prior to the judgment rendered therein, did not deprive the court of jurisdiction nor render the judgment absolutely void. In *Martin* v. *Wagner*, 124 Cal. 204 [56 P. 1023], it was held that a reversal by the Supreme Court after death of the respondent, was not void but at most, erroneous, although there had been no motion to substitute the decedent's representatives, nor suggestion of the respondent's death. The case of *Tyrrell* v. *Baldwin*, 67 Cal. 1 [6 P. 867], held that the death of a defendant after answer had been filed but before the trial, did not render a judgment against such defendant void as to those who had purchased, *pendente lite*, the defendant's interest in the property involved. As pointed out by appellant none of these cases present exact parallels to the present situation. They do, however, clearly indicate that the California courts are not committed to the position advanced by appellants that the death of a party, *ipso facto*, renders absolutely void, a judgment for or against such party. Such a judgment is, at most, a mere irregularity.

It is difficult to see how the appellant, in the instant case, has suffered prejudice by reason of the nonsuit in the court below. The appellant there sought to restrain the collection of a judgment regularly obtained with the one exception that the

plaintiff therein had died and no substitution of representatives had occurred. The action in which such judgment against appellant was obtained, was, it may be noted, the conventional procedure utilized for the purpose of renewing a previous judgment obtained on 1919. In the original action brought by Concepcion Avila, the fact of appellant's liability and the amount of damages due the plaintiff therein, had, of course, been judicially determined. At the time the action to renew such judgment was commenced by the filing of the complaint, the plaintiff Concepcion Avila was still alive. When the summons and complaint were personally served on appellant some two years later, default was entered in the customary manner upon appellant's failure to appear. Nor did appellant take any steps in reference to the action or the judgment until an attempt was made to collect the same. Obviously then, collection of the judgment will merely mean that the appellant is satisfying, willingly or unwillingly, an obligation established in the original judgment of 1919. "It is the intent of the law, and it would seem the intent, as well, of good morals, that everyone being able should pay his debts." *Demens* v. *Huene,* 89 Cal.App. 748, 753 [265 P. 389].

It seems clear that equity should not lend its aid towards restraining collection of this or any judgment except upon a satisfactory showing of equitable grounds. There is no such showing in this case. In this particular an analogy is found in those cases holding that equity will not give relief because of extrinsic fraud, defective service, or the like, unless it is made to appear that the judgment is unjust and that the defendant had a meritorious defense thereto. Such a case was *Bell* v. *Thompson,* 147 Cal. 689 [82 P. 327]. Likewise in *Lee* v. *Colquhoun,* 175 Cal. 16 [164 P. 894], plaintiff seeking equitable aid, was obliged to affirmatively allege not only the want of legal service and fraud, but also that there existed a defense on the merits. Other cases reiterate the same rule. In the present case the appellants' complaint seeking equitable aid, did not and presumably could not, allege the existence of any meritorious defense. In like manner it may be observed that the appellants' complaint did not, and presumably could not, allege a willingness to do equity and pay the amount of the judgment or any part thereof, since the only purpose of the action was to avoid the necessity of doing this very thing. Apropos this subject, the following is found in 2 Pomeroy's Equity Jurisprudence (5th ed.), section 393c: "Proceedings

for relief against judgments and void judicial sales are, like other suits in equity, subject to the rule that he who seeks equity must do equity.'' And in 3 Freeman on Judgments, section 1188, occurs the following: ''There must be a concurrence of fraud, accident, mistake or other basis of equitable jurisdiction and the *injustice of the* judgment itself.''

For the reasons hereinbefore stated, the judgment is affirmed.

York, P. J., and White, J., concurred.