[Civ. No. 17296.   First Dist., Div. One.   June 17, 1957.]

INGEGERD UPPMAN, Appellant, v. RUTH ASBURY EYRAUD, as Administratrix With the Will Annexed, etc., et al., Respondent.

Charles Reagh for Appellant.

Kessler & Kessler for Respondent.

BRAY, J.—Plaintiff appeals from an order denying her motion to vacate judgment in a partition action.

## QUESTIONS PRESENTED

1. Was this action dismissed with prejudice by the minute order?

2. Did defendant Wilson's death affect the judgment?

3. Can plaintiff question judgment on appeal from denial of motion to vacate judgment?

## RECORD

December 20, 1954, a minute order recites (among other matters) : "By stipulation of counsel, who advised the court

that the within case has been settled, it is ordered that the plaintiff pay to defendant Kathryn Ruth Wilson the sum of $1500 cash, that deeds be executed and that the within action be dismissed with prejudice.''

October 7, 1955, ''Judgment for Partition'' entered. This stated that the parties had stipulated that plaintiff pay defendant Wilson $1500 for the latter's interest in described real property; that defendant Wilson dismiss a certain action then pending in the municipal court; that defendant execute a deed to plaintiff of her interest in said real property. It then awarded the real property to plaintiff, ordered defendant to execute to plaintiff a deed of her interest in said real property, and gave defendant Wilson judgment against plaintiff for $1500. It ordered defendant Wilson to dismiss the municipal court action with prejudice. Each party was to bear his own costs.*

December 30, 1954, defendant Wilson died.

January 27, 1956, the administratrix with the will annexed of defendant Wilson's estate was substituted as party defendant.

February 23, 1956, plaintiff's motion to vacate the formal judgment denied.

### 1. *Dismissal.*

■ Plaintiff is clearly attempting to take advantage of an inadvertent error in the minute order. According to the stipulation of the parties as made in open court, the action which was to be dismissed with prejudice was not this action but the municipal court action. The minute order on its face shows at least that this action was not intended to be dismissed until after the payment of the $1,500 and the execution of deeds, because the court ordered the payment of the money and the execution of deeds. Such order would be an idle act and of no effect if the action were dismissed. ■ A court always has power to correct an inadvertent clerical error. (See 29 Cal.Jur.2d 13.) This the court did by its formal judgment. Both counsel devote considerable of their briefs to the question of whether the minute order or the formal judgment is the final judgment in the case. We are not concerned with this question for the reason that no appeal was taken from either one. If the minute order was the

*The notice of motion to vacate judgment refers to ''the judgment dated October 24th, 1955.'' It actually was dated and filed October 7th. The notice of motion to vacate sets forth no grounds upon which the motion would be made.

final judgment, the portion of the formal judgment would be effective as correcting the clerical error. If the formal order was the final judgment, then in addition to correcting the minute order error which inadvertently dismissed the action it provided the terms of the judgment.

2. *Defendant Wilson's Death.*

Plaintiff contends that because of the death of defendant Wilson, the court had no power under any theory to enter the judgment. This, also, is a technical point in which there is no merit. If the minute order is the final judgment, it was entered prior to her death, so there would be no necessity for substituting the administratrix. The court's power to correct its order for inadvertence would not be affected by the death of a party. If the formal judgment is the final one, nevertheless the court, having prior to the death announced its decision, had the power (where, as here, because of the stipulation, no findings were required) to enter judgment after the death and its decision prior thereto. "If a party die after a verdict or decision upon any issue of fact, and before judgment, the court may nevertheless render judgment thereon." (Code Civ. Proc., § 669; see also 28 Cal.Jur.2d 696-697.) *Boyd* v. *Lancaster* (1939), 32 Cal.App.2d 574 [90 P.2d 317] and *Maxon* v. *Avery* (1939), 32 Cal.App.2d 300 [89 P.2d 684] are not in point. In the Boyd case the plaintiff died pending compliance with an interlocutory decree in an action to cancel a deed executed by him. A final decree is a different decree than the interlocutory, and hence could not be made until a personal representative of the decedent was appointed. In the Maxon case the plaintiff died before the filing of findings of fact. The findings would be the decision on the issues of fact and could be entered only if the personal representative of the decedent had been substituted. (See also *Machado* v. *Flores* (1946), 75 Cal.App.2d 759, 762 [171 P.2d 440] which holds that the entering of a judgment where a party to a suit has died and no substitution of a personal representative made does not make the judgment void but merely voidable.) Therefore, at most, plaintiff's remedy to attack the judgment was by appeal, not by the collateral attack of a motion to vacate the judgment.

3. *Appeal From Denial of Motion to Vacate.*

If the judgment was appealable and the grounds upon which vacation is sought existed before entry of judgment, the correctness of the judgment cannot be reviewed on an

appeal from the order refusing to vacate the judgment.* To permit an appeal from such order "would give the aggrieved party two appeals from the same decision, or, if he failed to take a timely appeal from the judgment, an unwarranted extension of time starting from the subsequent order." (3 Witkin, California Procedure, pp. 2170-2171.)

The order is affirmed.

Peters, P. J., and Wood (Fred B.), J., concurred.

*For this reason we see no necessity of considering the claimed lack of authority of plaintiff's counsel to make the stipulation upon which the judgment is based. That would be a question which could and should have been considered on an appeal from the judgment had one been made.