[Civ. No. 22908.   Second Dist., Div. Two.   Mar. 19, 1958.]

BUN A. LOGSDON, Appellant, v. EARLE L. HENDRICKS et al., Respondents.

Bun A. Logsdon, in pro. per., for Appellant.

Voorhees, Stewart & Voorhees, Samuel B. Stewart, Hugo A. Steinmeyer, Winfield Jones and George Ritner for Respondents.

ASHBURN, J.—Another appeal taken in propria persona which does not present any semblance of merit.

Appellant in 1957 sought to vacate a judgment taken in 1949 against him as plaintiff in this action, and to set aside the defendants' answers and to enter their defaults,—all because of alleged defects in the verification of each answer. The motion being denied, he appeals.

On January 7, 1949, plaintiff sued to foreclose a mechanic's lien. The named defendants were Earle L. Hendricks, Myra L. Hendricks and Bank of America National Trust and Savings Association. The Hendricks and the bank answered separately and the Hendricks filed a cross-complaint, their pleadings being filed in January, 1949 and that of the bank in March, 1949. The transcript at bar states that each pleading was verified but does not disclose the form of verification or the name of the person who verified the pleading. The case was tried upon the merits and findings and judgment filed on September 13, 1949, denying plaintiff any relief and awarding defendants Hendricks judgment against him on their cross-complaint in the amount of $3,250 and costs. The judgment became final and was satisfied through execution sale on October 25, 1954.

On July 2, 1957, plaintiff filed his motion "for an order VACATING AND SETTING ASIDE THE ANSWERS and all proceedings of said defendants entered in the above entitled matter, and permitting the said plaintiff and the Clerk or the Judge of the Court to file Default against all the above named defendants, on the grounds of mistake, inadvertence and neglect." It was supported by his own affidavit alleging that "[t]he Court Records indicate that all defendants failed and refused to comply with above CODE," reference being made to Code of Civil Procedure, section 585, "and SECTION 416—3 of this CODE." Affiant also says: "Thereafter or about August or September of 1954 Collusion and Collateral Attack had presented itself. . . . Thereafter this Affaint consulted the Original Files in the Superior Court Records, . . . That in view of the fact that the answers and pleadings of the defendants were never legally signed and executed by the makers nor did they

ever grant their power of attorney to execute for them. That the attached authorities herewith indicating that no Court proceeding were [sic] ever legal and that all Court proceedings were with out legal power and effect.'' The motion to vacate, etc., was argued and denied on July 8, 1957, and the appeal is from that order.

In his opening brief appellant says: ''That both Respondents EARLE L. HENDRICKS and MYRA L. HENDRICKS made their Answers by way of proxy, without granting their power of attorney to their attorneys to execute in their place and stead. That R. G. WHEELER of the BANK OF AMERICA NATIONAL TRUST and SAVINGS ASSOCIATION was served with a copy of the Complaint and Summons about Febuary 28th. 1949. About March 5th. 1949 the Answer of R. G. WHEELER and BANK OF AMERICA was made and executed by A. J. ROBILLARD an assistant secretary for some Bank and without the required power of attorney attached thereto.'' The point is patently frivolous and not factually supported by the record. ■ If it possessed merit it could not be raised for the first time after trial upon the merits, as is attempted here. (*McCullough* v. *Clark*, 41 Cal. 298, 302; *City etc. of San Francisco* v. *Itsell*, 80 Cal. 57, 60 [22 P. 74]; *Chalmers* v. *Sheehy*, 132 Cal. 459, 461 [64 P. 709, 84 Am.St.Rep. 62]; 39 Cal.Jur.2d § 272, p. 395.) ■ Moreover, the judgment was appealable and the grounds upon which vacation is sought existed before entry of judgment, hence the correctness of the judgment cannot be reviewed upon appeal from an order refusing to vacate it. (*Uppman* v. *Eyraud*, 151 Cal.App.2d 728 [312 P.2d 57].)

Appellant makes numerous arguments which have little, if any, bearing upon the issue raised by the motion and the order now under review. He cites a large number of authorities which he obviously does not understand and presents nothing which warrants the time and space devoted to this ruling.

Order affirmed.

Fox, P. J., and Herndon, J., concurred.

A petition for a rehearing was denied April 2, 1958, and appellant's petition for a hearing by the Supreme Court was denied May 14, 1958.